**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KIMBERLY D. YORK,**

      **Plaintiff,**

v.

**CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Case No. 2:13-cv-466
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

**OPINION AND ORDER**

This action seeks review under 42 U.S.C. § 405(g) of a final decision of Defendant, Carolyn W. Colvin, the Commissioner of Social Security, that denied an application for disability and supplemental security income benefits filed by Plaintiff, Kimberly D. York.  On March 24, 2014, the United States Magistrate Judge recommended that the Court overrule the statement of errors and enter judgment in favor of Defendant.  (ECF No. 19, at Page ID # 620.) The matter is now before the Court for consideration of Plaintiff's objections (ECF No. 20) to the Magistrate Judge's Report and Recommendation and Defendant's response (ECF No. 22).

**I. Discussion**

    **A.  Standard Involved**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is such relevant evidence as a reasonable mind might accept to support the ALJ's conclusions. *Bass v. McMahon*, 499 F.3d 506, 506 (6th Cir. 2007).

Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**B. Analysis**

In her objections, Plaintiff generally incorporates all of her arguments from her statement of errors and specifically asserts that the Magistrate Judge incorrectly concluded that the administrative law judge had properly evaluated Plaintiff's Bureau of Vocational Rehabilitation records. Plaintiff contends that these records lend credibility to her argument that she is unable

to work.  The crux of this argument is that, in Plaintiff's words, "it is not clear" whether she could perform her position as a reservationist without the assistance of a job coach.  (ECF No. 20, at Page ID # 624.)  Plaintiff reasons that the Administrative Law Judge incorrectly assumed that Plaintiff's completion of her job training/placement program meant that she could work unassisted, an asserted error that Plaintiff contends the Magistrate Judge accepted.  Instead, Plaintiff argues, the Administrative Law Judge should have factored the need for additional supervision into the residual functional capacity determination, which would have changed the hypothetical presented to the vocational expert and *may* have decreased the number of jobs identified in the national economy.  Plaintiff continues to seek a remand for consideration of an accordingly altered hypothetical.

   The problem with Plaintiff's objection is that she focuses on one piece of evidence and not the standard by which the Administrative Law Judge's decision is tested.  Plaintiff relies upon a simple disagreement over the weight assigned to one piece of evidence over other evidence to conclude that error exists where there is none.  Review of the record indicates that the Administrative Law Judge did not give the job training dispositive weight.  Rather, as the Magistrate Judge detailed in his Report and Recommendation, the Administrative Law Judge summarized key points from the job training report and permissibly gave that report some consideration.  Plaintiff's focus on the failure to discuss expressly continued job coaching impermissibly elevates the report comment on continued coaching into something in need of discussion, as opposed to mere consideration, as part of the Administrative Law Judge's process.  It also undervalues that Plaintiff failed to introduce any evidence indicating that after cessation of her training, she would be unable to remain working without the assistance of a job coach.

3

Review of the record as a whole supports the conclusion that Plaintiff is capable of full-time work and would have had such employment if it were available at her place of employment. Like the Magistrate Judge, this Court understands the Administrative Law Judge's reasoning process and concludes that further articulation of how the job training records were considered in that process is not necessary. As the Magistrate Judge explained, sufficient evidence exists upon which the Administrative Law Judge could reasonably resolve conflicts among the evidence, rendering any failure to discuss in detail the records harmless. The test is whether there is substantial evidence supporting the Administrative Law Judge's decision, including the residual functional capacity determination, and there is.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation. (ECF No. 19.) The Court therefore **OVERRULES** Plaintiff's objections (ECF No. 20) and the statement of errors (ECF No. 12) and **ORDERS** that judgment be entered in favor of Defendant. The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE